Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6768 | **DATE** | 10/29/10 |
| **CASE TITLE** | Alton Smith (#K-79576) v. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $16.49 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

     Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims in Count I that Defendants, correctional personnel at Stateville Correctional Center, violated Plaintiff's constitutional rights by being deliberately indifferent to a substantial risk of serious harm. Plaintiff alleges that while he was being placed I a cell with another inmate by Defendant J. Johnson, the inmate already in the cell threatened his physical safety. Plaintiff alleges that although Defendant J. Johnson heard the threat to his physical safety, Defendant J. Johnson placed him in the cell, anyway. Plaintiff further alleges that the inmate already in the cell, Inmate Blaylock, attacked him as soon as Plaintiff entered the cell, while Plaintiff was still handcuffed. Plaintiff's Count II alleges that on April 15, 2009, he received a disciplinary report pursuant to a shakedown, for a variety of offenses. He alleges that in the processing and adjudication of the disciplinary report, a different set of Defendants violated his right to due process.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.49. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

AWL

| STATEMENT |
|---|

However, Plaintiff must submit an amended complaint, as the document on file is unacceptable. The complaint contains misjoined claims against unrelated Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has submitted a complaint that contains unrelated claims against different Defendants.

As discussed in *George*,

The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party
> prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated Defendants cannot stand. *Id.* at 606.

Plaintiff makes a distinct claim for deliberate indifference to a substantial risk of serious harm against a group of Defendants, although the only Defendant against whom he alleges the requisite knowledge and action is Defendant J. Johnson. Plaintiff also makes a separate allegation of violation of his right to Due Process against a separate group of Defendants. Plaintiff must choose between the claims he makes to pursue one core claim. Plaintiff may only pursue multiple types of claims to the extent that they involve a common Defendant. Otherwise, they must be brought as separate suits. So, Plaintiff must decide upon one central core claim to pursue against the individuals alleged to have violated his rights.

Additionally, FED. R. CIV. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). With respect to Plaintiff's deliberate indifference claim, he has only pled specifically with regard to Defendant J. Johnson. Thus, Plaintiff has not pled sufficiently with respect to all other Defendants with respect to his deliberate indifference claim. To the extent that Plaintiff submits a proposed amended complaint, he must do so mindful of the pleading requirements of FED. R. CIV. P. 8(a)(2) and *Twombly*.

For the foregoing reasons, Plaintiff's amended complaint is dismissed without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Plaintiff is granted 30 days to submit a second amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to **(CONTINUED)**

| STATEMENT |
|---|

the Prisoner Correspondent.  **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the second amended complaint.**

     Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own.  Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint.  Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.  Plaintiff is advised to keep a copy for his files.  The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  If Plaintiff fails to comply within thirty days of the date of this order, the case will be summarily dismissed.  However, Plaintiff will still be responsible for paying the filing fee.