# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6768 | **DATE** | 12/09/10 |
| **CASE TITLE** | Alton Smith (#K-79576) v. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT:**

On initial review pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff may proceed on his amended complaint. The Clerk is directed to issue summonses for Defendants Shaw, Garcia, Niles, Johnson, and Wiles, and the United States Marshals Service is appointed to serve them. The Clerk is directed to terminate all other Defendants named in Plaintiff's original complaint, from the docket. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Alton G. Smith, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff sues Frank Shaw, Former Warden, Tammy Garcia, Placement Officer, Major Niles, Sergeant James Wiles, and Correctional Officer Johnson, all of Stateville Correctional Center. Plaintiff claims that on May 6, 2009, he was attacked by another inmate because Defendants were deliberately indifferent to a substantial risk of serious harm to his safety and security. He alleges that told Defendant Johnson of his fear for his physical safety, that the other Defendants were aware of the other inmate's propensity for violence, and that on the day in question Defendants did nothing to protect him from the attack. Plaintiff alleges that he was punched repeatedly in the face, head, and ear during the attack. Plaintiff also alleges that Defendant Niles sprayed him with mace in his effort to stop the attack. Plaintiff finally alleges that he saw multiple doctors over a period of time due to the injuries he sustained in the attack.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendants Shaw, Garcia, Niles, Johnson, and Wiles (hereinafter, "Defendants") for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While a more fully developed record may belie the Plaintiff's allegations, Defendants must respond to the complaint.

    The Clerk shall issue summonses for service of the complaint on Defendants. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

**(CONTINUED)**

    AWL

## STATEMENT

    The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.